IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30241
Conference Calendar

_____

JOSEPH BENNETT,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State
Penitentiary; RICHARD P. IEYOUB, Attorney
General, State of Louisiana,

Respondents-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-2166-L
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph Bennett, Louisiana prisoner # 122501, was convicted by a jury of second degree murder. Bennett appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. The district court granted Bennett's request for a certificate of appealability (COA). His request for a COA is construed as a notice of appeal from the district court's dismissal of his habeas petition. See Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bennett challenges the state trial and appellate courts' determinations that Brandy Ferdinand's testimony regarding her five-year-old sister Irma Ferdinand's statements about their mother's death constituted an exception to hearsay. Federal habeas courts do not reexamine state-court determinations of questions of state law, and this court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). By not briefing the Confrontation Clause issue raised in the district court, Bennett has abandoned the issue on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Bennett does not raise an issue cognizable for habeas review. His appeal is DISMISSED.